UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PATRICIA IMES, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

                                                             **NO. 19-192-JWD-RLB**

**GAMING AND LEISURE PROPERTIES,
INC., ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion to Compel Disclosure and Discovery Responses ("Motion to Compel") filed on January 17, 2022. (R. Doc. 60). The deadline to file an opposition has not expired. LR 7(f).

For the following reasons, the motion is denied.

**I.     Background**

Plaintiffs commenced this personal injury action on April 1, 2019. (R. Doc. 1).

On July 19, 2019, the Court issued a Scheduling Order. (R. Doc. 14). Among other things, the Court set the deadline to amend the pleadings on October 1, 2019, the deadline to complete non-expert discovery on February 28, 2020, the deadline to complete expert discovery on August 14, 2020, the deadline to file dispositive and Daubert motions on August 14, 2020, and a 3-day jury trial to commence on February 22, 2021.

Neither party filed any motions prior to the close of discovery and the deadline to file dispositive and Daubert motions.

On November 5, 2020, the parties filed a joint motion seeking an order vacating the Court's Scheduling Order and setting new deadlines to amend the pleadings, conduct discovery, and file dispositive motions. (R. Doc. 15). In support of the motion, the parties asserted that they

established good cause in light of difficulties caused by the novel coronavirus pandemic. The Court disagreed and denied the motion. (R. Doc. 16).

The district judge subsequently held a conference with the parties, reset the trial date for October 18, 2021, and ordered the parties to seek new pre-trial deadlines. (R. Doc. 21). In accordance with the district judge's order, the parties submitted proposed revised deadlines. (R. Doc. 24).

On December 9, 2020, the Court issued a revised Scheduling Order adopting the parties' proposed deadlines and setting, in relevant part, the non-expert discovery deadline on February 26, 2021, Plaintiffs' expert report deadline on April 1, 2021, and the deadline to file dispositive motions on June 11, 2021. (R. Doc. 25). The parties did not seek to reset, and the Court did not reset, the deadline to amend the pleadings.

On March 23, 2021, Defendants filed a Motion for Summary Judgment. (R. Doc. 28). Plaintiffs filed an opposition, which seeks an extension of time to conduct discovery. (R. Doc. 33). In reply, Defendants assert, among other things, that additional discovery is not needed, noting that the revised discovery deadlines expired without the filing of any discovery motions. (R. Doc. 37).

On April 14, 2021, Plaintiffs filed a Motion to Extend Deadlines. (R. Doc. 35). Plaintiffs sought a 90-day extension of the deadline to complete non-expert discovery. Plaintiffs also requested that the deadline to amend the pleadings and the deadline for Plaintiff to provide expert reports be reset to 30 days after the completion of discovery. Plaintiffs asserted that they established good cause for the extensions requested because Defendants did not fully answer discovery served on November 18, 2019 and January 29, 2021, Plaintiffs did not secure Defendants' Rule 30(b)(6) deposition, Plaintiffs need to conduct additional discovery for his

expert to provide a report, and Plaintiffs' counsel had certain technical issues that resulted in the loss of email communications.

On April 26, 2021, the Court denied Plaintiffs' Motion to Extend Deadlines, holding that Plaintiffs did not establish good cause for the extensions sought given that Plaintiffs were not diligent in completing discovery and filing any needed discovery motions prior to the revised deadline to do so. (R. Doc. 38). Plaintiffs sought relief from the Court's order by filing a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." (R. Doc. 39).

On May 25, 2021, the district judge held another conference with the parties, continued the trial date to April 25, 2022 and the pretrial conference to February 3, 2022, and ordered the parties to file within **14 days** of the order "a joint motion to amend the scheduling deadlines in accordance with the new trial date." (R. Doc. 43). The district judge denied Plaintiffs' Motion for Relief (R. Doc. 39) as moot, and denied Defendants' Motion for Summary Judgment (R. Doc. 28) without prejudice, subject to refiling in accordance with the new dispositive motion deadline.

**Neither Plaintiffs nor Defendants filed a joint motion to amend the scheduling deadlines as ordered by the district judge, or otherwise submitted for the Court's review a proposed modified Scheduling Order. The record further indicates that Plaintiffs did not attempt to conduct any additional discovery after the district judge's order resetting the trial date.**

On January 4, 2022, Plaintiffs filed a proposed Pretrial Order. (R. Doc. 44).

On January 5, 2022, Defendants filed a renewed Motion for Summary Judgment. (R. Doc. 49). Defendants represent that on August 25, 2021, realizing that the parties had failed to move for a new scheduling order, defense counsel sent Plaintiffs' counsel a proposed scheduling order. (R. Doc. 49 at 2; *see* R. Doc. 49-3). Defendants represent that they did not receive a

response until January 3, 2022, when Plaintiffs' counsel reached out with respect to the proposed pretrial order. (R. Doc. 49 at 2; *see* R. Doc. 49-4). Defendants further represent that since the district judge's May 25, 2021 order, Plaintiffs "have failed to conduct or attempt to conduct any discovery whatsoever." (R. Doc. 49-2 at 4).

On January 17, 2022, Plaintiffs filed the instant Motion to Compel. (R. Doc. 60). The motion was referred to the undersigned for resolution the next day.

**II.    Law and Analysis**

As discussed above, Plaintiffs have been provided ample opportunities to conduct discovery and file appropriate motions to compel with respect to outstanding discovery. Plaintiffs did not file a timely motion to compel prior to the expiration of the **original** deadline to complete non-expert discovery of February 28, 2020, or the **revised** deadline to complete non-expert discovery of February 26, 2021. (R. Docs. 14, 25). The district judge then provided Plaintiffs with an additional opportunity to secure new discovery deadlines. Plaintiffs ignored the district judge's order and Defendants' attempts to submit new deadlines. Instead of seeking new deadlines, or even conducting any additional discovery in the absence of new deadlines, Plaintiffs simply waited nearly another 8 months (and until after Defendants' renewed their Motion for Summary Judgment) to file the instant Motion to Compel.

As discussed above, the parties did not secure new deadlines as ordered by the district judge. Accordingly, the instant Motion to Compel is untimely. Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458,

4

470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Given that the twice-continued trial date is approximately three months away, and Plaintiffs made no attempt to secure new discovery deadlines despite the district judge's order, the Court does not find good cause to modify the scheduling order to allow for this untimely discovery motion.[1]

Plaintiffs again assert that Defendants did not fully answer written discovery requests served on November 18, 2019 and January 29, 2021, and that Plaintiffs were not able to secure Defendants' Rule 30(b)(6) deposition despite having "awaited" their corporate designation. (R. Doc. 60 at 5-7). Plaintiffs also suggest that Defendants failed to make certain Rule 26(a) disclosures in light of evidence submitted in support of their Motion for Summary Judgment. (R. Doc. 60 at 5).

Even if the instant motion were timely filed, the Court finds no basis for granting the relief sought on the merits. It does not appear that Plaintiffs' counsel made any attempt in good faith to confer or attempt to confer with defense counsel regarding the discovery issues raised as required by Rule 37(a)(1). The record indicates that Plaintiffs' counsel simply ignored the district judge's order to seek new deadlines, as well as defense counsel's attempts to seek such deadlines (albeit after the deadline set by the district judge). In their Rule 37(a)(1) certificate, Plaintiffs assert that Defendants were "placed on notice" of the issues raised in their motion and admit that no discovery conference was conducted. (R. Doc. 60 at 10). But there is no evidence in the record supporting a finding that Plaintiffs attempted, in good faith, to resolve any discovery issues in the instant Motion to Compel without court intervention as required by Rule 37(a)(1).

---

[1] Even if the parties sought deadlines within 14 days of the district judge's May 25, 2021, the Court would not have found good cause to establish a January 17, 2022 non-expert discovery deadline in conjunction with an April 27, 2022 trial date.

5

Plaintiffs also did not comply with Local Rule 37, which requires motion to compel to "quote verbatim" the written discovery requests and responses at issue. Plaintiffs do not even attach copies of the discovery requests and responses at issue to their instant motion. While Plaintiffs assert that the information they seek is "both relevant and discoverable," they do not identify the specific written discovery requests seeking this information or otherwise identify how or why any of Defendants' specific responses or objections (which are not supplied in the record) are insufficient.

Plaintiffs have also not remedied the issues raised by the Court with respect to Defendants' Rule 30(b)(6) deposition. Plaintiffs assert that they "awaited Defendants' corporate designation after advising them of the need for this deposition on December 11, 2020, and clarifying the scope of the deposition on January 19, 2021." (R. Doc. 60 at 6). Plaintiffs again submit no evidence that they ever served a deposition notice that described "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). As stated in a previous order, "[t]he Court will not compel appearance at a deposition absent a properly issued deposition notice as detailed in Rule 30(b)(1)." (R. Doc. 38 at 4) (citing *Sandlin v. Urbina*, No. 19-556, 2020 WL 6232702, at *1 (M.D. La. Oct. 22, 2020) (citing *Byrd v. Castlepoint Fla. Ins. Co.*, No. 15-634, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016) (collecting cases)); Fed. R. Civ. P. 37(d)(1)(A)(i) (authorizing court to order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition")). Furthermore, effective December 1, 2020, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." *See* Fed. R. Civ. P. 30(b)(6); *see* Advisory Committee Notes to 2020 Amendment. There is no record that any such conference took place or that Plaintiffs attempted such a conference. The Court will not order

6

Defendants to appear for a corporate deposition where Plaintiffs have not even attempted to meet the requirements of Rule 30.

Furthermore, as discussed in the Court's previous order, Plaintiffs' January 29, 2021 discovery requests were served less than 30 days from the revised date to complete non-expert discovery on February 26, 2021. The Court has already held that Defendants had no duty to respond to these discovery requests given that they were untimely pursuant to Rule 34(b)(2)(a) and Local Rule 26(d)(2). (R. Doc. 38 at 5).[2] Because the January 29, 2021, requests were untimely served, Plaintiffs had a duty to re-serve these discovery requests within any new deadlines set by the Court. Even if these discovery requests can be deemed timely served in light of the district judge's order, as stated above, (1) there is no record that Plaintiffs conferred or attempted to confer with Defendants regarding their responses prior to filing the instant motion, and (2) Plaintiffs do not identify which discovery requests and responses are at issue.

Given the foregoing, the Court will deny the instant Motion to Compel. The Court finds no exceptional circumstances meriting the consideration of discovery motions at this stage of the litigation. *See* Local Rule 26(d)(1) ("Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery"); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed

---

[2] Rule 34(b)(2)(a) of the Federal Rules of Civil Procedure allows a party 30 days from service to respond to requests for the production of documents. Local Rule 26(d)(2) provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). Accordingly, a request for discovery from a party "must be served at least thirty days prior to the completion of discovery" to be considered timely. *See Hall v. State of Louisiana*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests)

7

after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

In addition to the lack of diligence demonstrated by the Plaintiffs, the Court finds that the Defendants would be unduly burdened, and Rule 56(d) of the Federal Rules of Civil Procedure would be circumvented, if the Court reopened the expired discovery deadlines outside of the context of ruling on Defendants' renewed Motion for Summary Judgment (R. Doc. 60), which is pending before the district judge.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Disclosure and Discovery Responses (R. Doc. 60) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 20, 2022.

                                                  **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**